ORIGINAL

FILED

DEC 11 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

Larry Richards; Fantasia Brown;(415)623-9537
AND FOR OTHERS SIMILARLY SITUATED;
PLAINTIFFS ET. AL.,
Proceeding SUI JURIS; address:
In care of Mr. Anthony Prince, 125 Hyde Street
The Justice and Equity Center Project,
San Francisco, CA 94102


IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

**SI**

(NOTICE: All Plaintiffs will each individually )
represent themselves, Sui Juris, In this Court until )
an attorney can be retained:  until then All Plaintiffs )
are locatable at the above address:)

**1.) Larry Richards, Sui Juris** (as distinguished from "Pro Se" – "In Propria Personna") **;**

**2.) Fantasia Brown, Sui Juris** (as distinguished from "Pro Se" – "In Propria Personna") **;**

**3.- 100.) And For Others, Similarly situated, Et. Al. PLAINTIFFS**

Plaintiffs,

vs.

(notation: unless specifically excluded, ALL Defendants are

Civil Action Case No.:

**CV19- 8100**

**JURY TRIAL DEMANDED**

**COMPLAINT** FOR A CAUSE OF ~~ACTION AGAINST~~ **ALL DEFENDANTS**

**DUE JUDICIAL NOTICE FOR THIS HONORABLE COURT:**

**THIS COMPLAINT IS HORRIBLY AND ARTLESSLY CONSTRUCTED, IT IS URGENTLY PRESENTED HERE IN THIS VERY INCOMPLETE FORM TO HELP THIS COURT TO FORM A BASIS IN FACT OF IRREPARABLE HARMS FOR ISSUING AN EMERGENCY TEMPORARY RESTRAINING ORDER BEFORE THIS COURT CAN HOLD A HEARING**

– 23 –

EMERGENCY 24HOUR APPLICATION FORTEMORARY RESTRAINING ORDER AND SHOW CAUSE HEARING IN CUD-18-662405
VS UDR CORP WITH FORMAL WRITTEN ADA REQUEST TO MODIFY UDR POLICY OF overcharging Larry Richards for
his utilities and for other things, including modification of entry/exit doors and damaging $40000
WHEELCHAIR EQUIPMENT.

1  sued in both their individual
and official capacities:

2  **1.)** United Dominion Realty
Trust, INC., {doing business as

3  UDR Towers By The Bay,LLC,
Corporation, in San Francisco}

4  Denver Corporate Headquarters
Address: 1745 Shea Center

5  Drive, Suite 200; Highlands
Ranch, Colorado 80129 (720-283-

6  6120)*notation,called this number@11:45am on
6/27/17 and they refused to provide the name of

7  a legal service agent upon whom to deliver this
lawsuit

8  **2.)** Doctor Benjamin Solomon
Carson Sr., ONLY IN HIS

9  OFFICIAL CAPACITY AS Secretary,
United States Department of

10 Housing and Urban Developement

11 {hereinafter typed as **"HUD"**}451
7th Street S.W., Washington D.C.

12 20410 (202-708-1455);
**3.)** Mr. Wayne Sauseda, only in

13 his official capacity as HUD
Deputy Regional Administrator,

14 Region IX San Francisco
Regional Office: One Sansome

15 Street, Suite 1200, San
Francisco, CA 94104;

16 **4.)** Ms. Barbara Smith, only in
her official capacity as Acting

17 Executive Director, San
Francisco Housing Authority;

18 1815 Egbert Avenue, 2nd Floor,
San Francisco, California

19 94124; (415-715-3129)
**5.)** Ms. Sarah Ramler, only in

20 her official capacity as
Director of Leased Housing,

21 currently overseeing the HCV –
Housing Choice Voucher Program;

22 SAME ADDRESS AS #4 ABOVE;

23 **\*\*NOTATION TO COURT CLERK: YOU
SHOULD CHOSE THIS ENTRY FOR

24 SWIFT SERVICE OF ALL DOCUMENTS
ONTO DEFENDANTS AS HE**

---

OR IF THIS COURT WILL HOLD AN
EMERGENCY HEARING ON MONDAY JULY 3RD,
OR WEDNESDAY JULY 5TH 2017 THAT WOULD
WORK AND BE FINE TOO!  COURT CLERK
COULD CALL ATTORNEY FOR THE DEFENDANT
#6.,#7.,&#8.)SHAWN K. BANKSON AND
DEFENDANT#8.)LAURIE LI @(800)525-1690
TO REPRESENT DEFENDANTS AT SUCH
EMERGENCY HEARING OR SIMPLY TAKE
JURISDICTION IN THE SAN FRANCISCO
CIVIL COURTS OF CASE NUMBER
#CUD-17658717

THIS IS A CAUSE OF ACTION FOR
INJUNCTIVE RELIEF;
AND FOR DECLARITORY RELIEF;
AND FOR ALL COURT COSTS; AND
ALL PLAINTIFFS' EXPENSES; AND FOR
REAL DAMAGES; AND FOR PUNITIVE
DAMAGES; AND FOR EXEMPLARY DAMAGES.
**AND IS IN SUPPORT FOR
PLAINTIFF'S Larry Richards' and
Fantasia Brown's;**

# EMERGENCY

**EX-PARTE MOTION** for an
IMMEDIATE **Emergency-Based
Temporary Restraining Order**
even PRIOR TO HEARING BASED
UPON IRREPARABLE HARM, until
A show cause hearing can be
held;(incomplete,more will be
filed tomorrow on 6/30/17)

including
Plaintiff's **Richards, and
Brown, Et. Al.;**
**EX-PARTE MOTION** for a SHOW
CAUSE HEARING on the
issuance of the Preliminary
Injunction; (incomplete)

including
Plaintiff's **Richards and
Brown; EX-PARTE**

---

28

- 24 -

EMERGENCY 24HOUR APPLICATION FORTEMPORARY RESTRAINING ORDER AND SHOW CAUSE HEARING IN CUD-18-662405
VS UDR CORP WITH FORMAL WRITTEN ADA REQUEST TO MODIFY UDR POLICY OF overcharging Larry Richards for
his utilities and for other things, including modification of entry/exit doors and damaging $40000
WHEELCHAIR EQUIPMENT.

**REPRESENTS THE UDR DEFENDANTS AND IS ALSO BEING SUED PERSONALLY IN THIS LAWSUIT: 6.)** Mr. Shawn K. Bankson, Partner, Kimball, Tirey & St. John LLP 2300 Clayton Road, Suite 1350, Concord, CA 94520(800-5251690); **7.) KIMBALL, TIREY and ST. JOHN, LLP SAME ADDRESS AS #6 ABOVE;**
**8.)** Ms. Laurie Li, Bar#307286 SAME ADDRESS AS #6 ABOVE
**9.) UDR CORPORATION** landlords DBA/ UDR Towers By The Bay, LLC
**10.)UDR CORPORATION** landlords DBA/ UDR Towers By The Bay 388 Beale, LLC
**11.)UDR CORPORATION** landlords DBA/ UDR Towers By The Bay 388 Beale Street, LLC
**12.)** Robert Blasky, property manager, 388 Beale Street, San Francisco, California 94105;
**13.)** Tensaye Alemayehu {I possibly mis-spelled that}, assistant property manager, 388 Beale Street, San Francisco, California 94105;
**14.)** The UDR Corporation subcontractor known as "ATI"
**15.-1000.)** "Doe" Defendants, Named, however at the current time, as yet, Unknown Persons contributing to the abuse of the innocent Plaintiffs by supporting the Defendants in their actions.; Et. Al.;


Defendants

**MOTION** for a Preliminary Injunction to issue after a SHOW CAUSE HEARING; (incomplete) And alsi including Plaintiff's **Richards, and Brown, Et. Al.;**
**EX-PARTE MOTION** for the issuance of a Permanent Injunction after trial;

Plaintiff's **Richards, And Brown, Et. Al.;**
COMPLAINT AND CAUSES OF ACTION, based in Defendants flagrant intentional infliction of Emotional distress, duress and life – threatening conditions based upon Defendants chosing to retaliate, and intimidate and threaten the life of plaintiff rather than simply grant ADA requests instead of repeated refusal to grant REPEATED ADA requests for a

– 25 –

EMERGENCY 24HOUR APPLICATION FORTEMPORARY RESTRAINING ORDER AND SHOW CAUSE HEARING IN CUD-18-662405 VS UDR CORP WITH FORMAL WRITTEN ADA REQUEST TO MODIFY UDR POLICY OF overcharging Larry Richards for his utilities and for other things, including modification of entry/exit doors and damaging $40000 WHEELCHAIR EQUIPMENT.

```
1                                    )  simple, reasonable accommodat.
2                                    )  and reasonable
                                     )  modification, which clearly
3                                    )  threatens the life
                                     )  Of these severely disabled
4                                    )  Plaintiffs, and those similar.
                                     )  situated. {To be amended in 3
5                                    )  days}
6
```

---

COMPLAINT (this paperwork is incomplete and must be amended soon, but the TRO must issue now!)

This Honorable Court Cannot Dismiss this Complaint regardless of how poorly, artlessly it is constructed:

From:  Canty Vs. City of Richmond Police Dept:
383 F.Supp. 1396 (1974):

In the great run of cases, the issues are faintly articulated and often only dimly perceived. _There is, therefore, a greater burden and a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done._ So, although the Court of Appeals cannot mean that it expects the district courts to assume the role of advocate for the unrepresented plaintiff, radiations from Burris strongly suggest that **the district court must examine** the unrepresented complaint to see whether the facts alleged, or the set of facts which the plaintiff might be able to prove, could very well provide a basis for recovery under any of the civil rights acts or heads of jurisdiction in the federal arsenal for redress of constitutional deprivations. **Accordingly, the Court**

---

EMERGENCY 24HOUR APPLICATION FORTEMPORARY RESTRAINING ORDER AND SHOW CAUSE HEARING IN CUD-18-662405
VS UDR CORP WITH FORMAL WRITTEN ADA REQUEST TO MODIFY UDR POLICY OF overcharging Larry Richards for
his utilities and for other things, including modification of entry/exit doors and damaging $40000
WHEELCHAIR EQUIPMENT.

**in considering the defendants' motion to dismiss will not permit technical pleading requirements to defeat the vindication of any constitutional rights which the plaintiff alleges, however inartfully, to have been infringed.** See Aiken v. United States, 282 F.2d 215, 216 (4th Cir. 1960). Cf. Conley v. Gibson, supra, 355 U.S. at 48, 78 S. Ct. 99.

From:  Canty Vs. City of Richmond Police Dept: 383 F.Supp. 1396 (1974);

### BRIEF THREE PAGE INTRODUCTIONS TO PLAINTIFFS AND OVERVIEW OF TRO/COMPLAINT:

the parties in this case are PLAINTIFF Larry Richards an entirely medically fragile, medically dependant person who must have immediate surgery or face imminent death due to sepsis or abcess, other grave medical condition; unfortunately severe abuse, retaliation, threat, duress, and coercion from the UDR defendants in this case prohibit Richards from being able to obtain his surgery because of their retaliation and threats on Richards's life and home and he must remain out of the hospital so that he can defend himself and his caregiver Fantasia Brown.

The 2nd party AND PLAINTIFF in this case is caregiver Fantasia Brown who takes care of medically fragile Larry Richards and since he is her only source of income threats on his life are also threats to her personal well-being in addition she cares about Richards and would prefer not to see him die or be further injured.

EMERGENCY 24HOUR APPLICATION FORTEMPORARY RESTRAINING ORDER AND SHOW CAUSE HEARING IN CUD-18-662405 VS UDR CORP WITH FORMAL WRITTEN ADA REQUEST TO MODIFY UDR POLICY OF overcharging Larry Richards for his utilities and for other things, including modification of entry/exit doors and damaging $40000 WHEELCHAIR EQUIPMENT.

The defendants in this case are UNITED DOMINION REALITY TRUST INCORPORATED; and UDR Corporation a Denver-based corporation with vast real estate holdings in MULTIPLE STATES, including but not limited to: Denver corporate headquarters; Boston regional headquarters; Dallas regional headquarters; Newport Beach regional headquarters; Washington DC regional headquarters; and MULTIPLE apartment building locations in each city of: Seattle Washington; Richmond Virginia; Dallas Texas; Austin Texas; Nashville Tennessee; Philadelphia Pennsylvania; Portland Oregon; New York City New York; Boston Massachusetts; Baltimore Maryland; West Palm Beach Florida; Tampa Florida; Orlando Florida; Silver Spring Maryland; Washington District of Columbia; Northern Virginia; Denver Colorado; and in California in the Inland Empire; Los Angeles; Orange County; Salinas; San Diego; Silicon Valley; and many buildings in the San Francisco Bay Area retailing hundreds of millions of dollars in rent every year!

## __FACTUAL presentations of IRREPARABLE HARM__, needing immediate TRO prior to a show cause hearing:

THIS IS THE *"HOUSING"* OF LAST RESORT FOR PLAINTIFF RICHARDS, THE

ONLY THING AVAILABLE TO THIS INNOCENT, INDIGENT PLAINTIFF.

EMERGENCY 24HOUR APPLICATION FORTEMPORARY RESTRAINING ORDER AND SHOW CAUSE HEARING IN CUD-18-662405 VS UDR CORP WITH FORMAL WRITTEN ADA REQUEST TO MODIFY UDR POLICY OF overcharging Larry Richards for his utilities and for other things, including modification of entry/exit doors and damaging $40000 WHEELCHAIR EQUIPMENT.

IF THE UDR DEFENDANTS ARE UNLAWFULLY, {AGAINST THE ADA'S PROHIBITION OF RETALIATION FOR REQUESTING REASONABLE POLICY MODIFICATIONS PROVISIONS} THROWN OUT OF 388 BEALE APARTMENTS BY THE CITY OF SAN FRANCISCO CIVIL COURTS UNLAWFUL DETAINER UNDUE PROCESS – BEFORE A SHOW CAUSE HEARING CAN BE HELD ON THESE ISSUES IN THIS CIVIL SUIT – the only outcome IS DEATH FROM HOMELESSNESS ON THE STREETS OF SAN FRANCISCO, IMMEDIATE DEATH OR GRAVE DISEASE LEADING ALMOST INSTANTLY TO DEATH! THIS IS NOT HYPERBOLIC, THIS IS MEDICAL FACT:

PLAINTIFF RICHARDS HAS WRITTEN AT LEAST SEVEN OCCASIONS THIS ONE SINGLE ADA REQUEST TO ALL DEFENDANTS AND BEEN REPEATEDLY IGNORED!  {See: Copies of Correspondence Enclosed Below} Plaintiff Richards has a severe spinal tumor and an extremely large tumor on his thyroid, which obstructs his windpipe for breathing.  The severe pain from the spinal tumor in Plaintiff Richards causes him constant, unrelenting, never ending pain.  Because the spinal tumor is located in Plaintiff Richards' MID–THORACIC Spine, it hurts with every breath Plaintiff Richards inhales and exhales and SEVERELY LIMITS PLAINTIFF'S ABILITY TO BREATHE.   Plaintiff Richards must take FOUR different kinds of pain medication, any one of which also as a side effect of severely suppressing breathing.   CERTAINLY ALL FOUR OF PLAINTIFF'S MEDICATIONS COMBINE TO BE DANGEROUSLY LIMITING OF HIS BREATHING ABILITY!   Additionally Plaintiff Richards has an extremely large tumor on his thyroid pressing on his windpipe, severely

– 29 –

delimiting his ability to breathe!   **THEREFORE PLAINTIFF RICHARDS HAS THREE BREATHING MACHINES ALL REQUIRING ELECTRICITY WHICH LITERALLY CREATE OXYGEN CONCENTRATION AND FORCE THAT CONCENTRATION INTO HIS LUNGS ENABLING HIM TO BREATHE!**   Without these machines Plaintiff Richards' Pulse Oxygen Measuments of the Oxygen in his blood falls to a life–threateningly low 84!   **PLAINTIFF RICHARDS HAS WENT "CODE BLUE" PREVIOUSLY WITHOUT HIS THREE BREATHING MACHINES, THIS IS MEDICALLY DOCUMENTED.** These machines are not portable and Plaintiff Richards is MEDICALLY DEPENDENT UPON THEM!   Defendants are CRULELY AND UNUSUALLY PUNISHING PLAINTIFF RICHARDS *BY POLICY* AND REQUIRING HIM TO

## TRO (proposed wording)

**To Defendants:  you are hereby ordered to immediately cease and desist**

**Additionally, you are ordered to attend a Show Cause Hearing on this date:** the issuance of this TRO cannot possibly harm the Defendants in any way, however it's denial will result in Plaintiffs'instant Homelessness and Death as described

## COMPLAINT

**This is a Prima Facie CONSPRICY to Deny Civil Rights under the Americans With Disabilites Act, Title 42 Sections 1987; 1985; and 1983 case [seeking all the Protections from the BILL OF RIGHTS and Amendments to the United States Constitution including but not limited to Amendment # 14, and 5, among others] that so shocks AND OUTRAGES the conscious of any average citizen of San Francisco that the**

EMERGENCY 24HOUR APPLICATION FORTEMPORARY RESTRAINING ORDER AND SHOW CAUSE HEARING IN CUD-18-662405 VS UDR CORP WITH FORMAL WRITTEN ADA REQUEST TO MODIFY UDR POLICY OF overcharging Larry Richards for his utilities and for other things, including modification of entry/exit doors and damaging $40000 WHEELCHAIR EQUIPMENT.

A public official who stands in the way of justice and the law is acting outside of all judicial authority and thereby waives his rights to immunity from civil liability. The 5TH, AND 14TH Amendments guarantees the fundamental rights of citizens to due process and such rights require strict scrutiny

INTRODUCTION

1. Plaintiffs seek a declaratory judgment that the Defendants unlawfully denied and obstructed Plaintiffs' applications for a reasonable accommodation and a reasonable modification OF DEFENDANTS UNREASONABLE POLICY of

2. reasonably accommodate the Plaintiffs and their life–threatening disabilities! And Defendants denial of said ADA status was by means of conduct that was based on unconstitutional criteria and impermissibly disparate treatment of Plaintiffs in violation of Plaintiffs' rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution and Title 42 United States Code Sections 1983, and Sections 1985, and Sections 1987, inter alia; and the Americans With Disabilities Act and the Administrative Procedure Act, inter alia.

3. Defendants OVER THE COURSE OF 5+ YEARS, unlawfully delayed, and did not actually directly respond to, and obfuscated and altered Plaintiff's 7 repeated and written formal ADA reasonable accommodation and reasonable modification requests and thereby effectively denied approval of Plaintiffs' applications for ADA reasonable modification of DEFENDANTS POLICY status by means of a comprehensive, pervasive, invidious and organized scheme that purposefully established unnecessary and burdensome inquiries and scrutiny of Plaintiffs' OTHER ACTIVITIES,

- 31 -

EMERGENCY 24HOUR APPLICATION FORTEMPORARY RESTRAINING ORDER AND SHOW CAUSE HEARING IN CUD-18-662405 VS UDR CORP WITH FORMAL WRITTEN ADA REQUEST TO MODIFY UDR POLICY OF overcharging Larry Richards for his utilities and for other things, including modification of entry/exit doors and damaging $40000 WHEELCHAIR EQUIPMENT.

3. Plaintiffs additionally seek injunctive relief in the form of a permanent injunction prohibiting all Defendants, and all those in active concert with them, from unlawfully discriminating against Plaintiffs, for disparate treatment and particular scrutiny based on the unconstitutional criteria of discrimination based upon disabilities whether or not they are readily apparent, all in violation of Plaintiffs' rights under the First and Fifth and Fourteenth Amendments to the United States Constitution and the Americans With Disabilities Act, and the Administrative Procedure Act, inter alia.

4. Plaintiffs also seek compensatory and punitive damages against Defendants, as the individuals responsible for implementing, directing, and overseeing the unconstitutional conduct complained of herein.

5. Plaintiffs

6. Plaintiffs

## JURISDICTION AND VENUE

Hansen v.Black,885F.2d 642, 646(9th Cir. 1989);MacKinney v.Nielsen,69 F.3d 1002, 1008 (9th Cir. 1995)

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§§ 1343(3) and 1331 and 2201, 28 U.S.C. § 1346(e), and 5 U.S.C. § 7

2. The Individual Defendants have each waived sovereign immunity by refusing to even consider ADA reasonable accommodations and reasonable modifications to their policies, an action well outside their official routine and common job duties, description, and authority, pursuant to 5 U.S.C.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) since Defendants reside and/or perform their official duties in the City and County of San Francisco, California, and a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in the City and County of San Francisco, California. Venue is also proper in this Court pursuant to 26 U.S.C. § 7), since this action seeks a declaratory judgment regarding enforcement of the Americans with Disabilities Act reasonable accommodation and reasonable modification of MEARLY A POLICY of the Defendants to NOT REQUIRE Plaintiffs to accept a smartlock when he can pay for the blank lock template and accommodate the wishes of the landlord just as well and also accommodate his own needs by such a door lock faceplate and defendants are required by law to allow and accept such modifications when paid for by the disabled person AND THE PUNISHMENT OF EVICTICT AND due to the LIFE THREATENING nature of such an act upon the extremely medically dependant, extremely physically frail PLAINTIFF VASTLY FAR OUTWEIGHS THE COMPETING INTERST I-OF THE DEFENDANTS BECAUSE  the threat to life OUTWEIGHS THE DESIRE OF THE DEFENDANT TO FORCE A SMARTLOCK ONTO PLAINTIFF ESPECIALLY WHEN THE REMEDY FOR THE LANDLORD DEFENDANT IS TO ALLOW PLAINTIFF TO PAY FOR HIS OWN

EMERGENCY 24HOUR APPLICATION FORTEMPORARY RESTRAINING ORDER AND SHOW CAUSE HEARING IN CUD-18-662405 VS UDR CORP WITH FORMAL WRITTEN ADA REQUEST TO MODIFY UDR POLICY OF overcharging Larry Richards for his utilities and for other things, including modification of entry/exit doors and damaging $40000 WHEELCHAIR EQUIPMENT.

ACCOMMODATIONS WHICH IS THE LAW AND THEREFORE IT IS ABSOLUTELY CERTAIN THAT THE PLAINTIFF WILL PREVAIL IN THIS ACTION pursuant to the Americans With Disabilities Act.

### PARTIES
### THE PLAINTIFFS
*Plaintiffs are all proceeding Sui Juris! Awaiting locating an Attorney to represent them, they will represent themselves in actions before this Court, until such Attorney is located and paid for.*

### FACTUAL ALLEGATIONS
Plaintiffs are all disabled individuals who easily qualify for ADA reasonable accommodations and reasonable modifications, especially and particularly POLICY questions which inhibit access to the program in question.

### CAUSES OF ACTION
### COUNT I
(Violations of the First Amendment – Freedom of Speech – *Bivens* Action)
*By All Plaintiffs Against Defendants*

1. The allegations of Paragraphs 1 through  above are incorporated by reference herein as if fully set out.

2. The First Amendment protects private speech from government interference or restriction when the specific motivating ideology or the opinion or perspective of the speaker is the rationale for the restriction.

3. Plaintiffs' written ADA request speech enjoys First Amendment protection.

4. The Supreme Court, in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), recognized a private damages action against federal officials for constitutional torts committed by such officials while acting under color of federal authority.

5. Defendants unlawfully deprived Plaintiffs of their First Amendment rights in connection with and arising from their applications ADA reasonable modification status by imposing upon such applications an unconstitutional requirement of heightened scrutiny, issuing unconstitutional and overly intrusive requests for information as described herein, delaying the processing of Plaintiffs' applications on the basis of Plaintiffs' disabilities, and failing to prevent such conduct by other employees under their direct supervision and control while fully aware of such unconstitutional misconduct.

6. Defendants positions.

### COUNT I I
(Violations of the Fourteenth Amendment – – *Bivens* Action)
*By All Plaintiffs Against Defendants*

7. The allegations of Paragraphs 1 through  above are incorporated by reference herein as if fully set out.

8. The First Amendment protects private speech from government interference or restriction when the specific motivating ideology or the opinion or perspective of the speaker is the rationale for the restriction.

- 33 -

1. Defendants' conduct directly infringed upon Plaintiffs' speech by inhibiting their ability to engage in effective advocacy and other expressive activities.

2. Defendants' conduct constitutes retaliation against Plaintiffs on the basis of the actual or perceived viewpoint of their protected political speech.

3. Defendants knew, or reasonably should have known, that their conduct would violate Plaintiffs' federal constitutional rights.

4. Plaintiffs have no other adequate monetary remedy in a court for Defendants' violations of their constitutional rights as complained of herein.

COUNT II

(Violations of the First Amendment – Freedom of Association – *Bivens* Action)
*By All Plaintiffs Against*

1. The allegations of Paragraphs 1 through above are incorporated by reference herein as if fully set out.

2. The First Amendment to the United States Constitution protects Plaintiffs' right to.

3. The Supreme Court, in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), recognized a private damages action against federal officials for constitutional torts committed by such officials while acting under color of federal authority.

4. Defendants
delaying the processing of Plaintiffs' applications on the basis of Plaintiffs' disabilities, and failing to prevent such conduct by other employees under their direct supervision and control while fully aware of such unconstitutional misconduct.

96. Defendants 97. Defendants knew, or reasonably should have known, that their conduct would violate Plaintiffs' federal constitutional rights.

98. Plaintiffs have no other adequate monetary remedy in a court for Defendants' violations of their constitutional rights as complained of herein.

COUNT III

(Violations of the Fifth Amendment – Equal Protection under the Due Process Clause – *Bivens* Action)
*By All Plaintiffs Against*

1. The allegations of Paragraphs 1 through  above are incorporated by reference herein as if fully set out.

2. The Fifth Amendment to the United States Constitution protects persons against the deprivation of life, liberty, or property without due process of the law and forbids the federal government from denying the equal protection of the laws.

3. The Fifth Amendment to the United States Constitution guarantees persons the right to be free from illegal discrimination and selective prosecution.

EMERGENCY 24HOUR APPLICATION FORTEMPORARY RESTRAINING ORDER AND SHOW CAUSE HEARING IN CUD-18-662405 VS UDR CORP WITH FORMAL WRITTEN ADA REQUEST TO MODIFY UDR POLICY OF overcharging Larry Richards for his utilities and for other things, including modification of entry/exit doors and damaging $40000 WHEELCHAIR EQUIPMENT.

1. The Supreme Court, in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), recognized a private damages action against government officials for constitutional torts committed by such officials while acting under color of federal authority.  The federal authority here abused is the authorization by the Americans With Disabilities ACT to make reasonable accommodations and reasonable modifications of POLICY, which the Defendants have steadfastly refused to so do.

*2.* Defendants unlawfully deprived Plaintiffs of their Fifth Amendment rights in connection with and arising from their applications for reasonable modifications of POLICY status by imposing upon such applications an unconstitutional requirement of heightened scrutiny, issuing unconstitutional and overly intrusive requests for information as described herein, delaying the processing of Plaintiffs' applications on the basis of Plaintiffs' severe medical dependence and extreme disabilities, ***and failing to prevent such conduct by other employees under their direct supervision and control while fully aware of such unconstitutional misconduct!***

3. Defendants, while acting under color of federal authority empowering them to GRANT ADA reasonable accommodation and reasonable modification request in their respective official positions, caused Plaintiffs to be treated differently than other similarly situated ADA qualified citizens seeking reasonable accommodations and reasonable modifications OF POLICY due severe medical dependence and extreme disabilities.

4. The disparate treatment of Plaintiffs based on their severe medical dependence and extreme disabilities was a result of a discriminatory purpose on the part of Defendants.

5. Defendants' disparate treatment of Plaintiffs based on their severe medical dependence and extreme disabilities is not rationally related to any legitimate governmental interest.

EMERGENCY 24HOUR APPLICATION FORTEMPORARY RESTRAINING ORDER AND SHOW CAUSE HEARING IN CUD-18-662405 VS UDR CORP WITH FORMAL WRITTEN ADA REQUEST TO MODIFY UDR POLICY OF overcharging Larry Richards for his utilities and for other things, including modification of entry/exit doors and damaging $40000 WHEELCHAIR EQUIPMENT.

6.  Defendants knew, or reasonably should have known, that their conduct would violate Plaintiffs' federal constitutional rights.

7.  Plaintiffs have no other adequate monetary remedy in a court for Defendants' violations of their constitutional rights as complained of herein.

102,375,000 COUNT IV

(Violations of the Americans With Disabilities Act)

*By All Plaintiffs Against All Defendants in an Official Capacity*

1.  The allegations of Paragraphs 1 through  above are incorporated by reference herein as if fully set out.

The

COUNT V

1.  (Violations of the

COUNT VI

1.  (Violations of the

<u>PRAYER FOR RELIEF</u>

1.  WHEREFORE Plaintiffs demand judgment against Defendants and in favor of Plaintiffs as follows:

EMERGENCY 24HOUR APPLICATION FORTEMPORARY RESTRAINING ORDER AND SHOW CAUSE HEARING IN CUD-18-662405 VS UDR CORP WITH FORMAL WRITTEN ADA REQUEST TO MODIFY UDR POLICY OF overcharging Larry Richards for his utilities and for other things, including modification of entry/exit doors and damaging $40000 WHEELCHAIR EQUIPMENT.

A. Under Count One, that this Court declare that the conduct of Defendants authority;

B. Under Count Two, that this Court declare that the conduct of Defendants violations of Plaintiffs' constitutional rights committed while acting under;

C. Under Count Three, that this Court declare that the conduct of Defendants fficials for their violations of Plaintiffs' constitutional rights committed while acting under color of;

D. Under Count Four, that this Court:

(i) declare that the conduct of all Defendants, as agencies of the United States and/or officials thereof acting in an official capacity, violated the ADAct;

(ii) issue a permanent injunction prohibiting all Defendants, and all those in active concert with them, from unlawfully targeting Plaintiffs,

E. Under Count Five, that this Court declare that Plaintiffs G. Award Plaintiffs their reasonable attorney's fees, costs and expenses associated with this action pursuant to 28 U.S.C. § 2812 and 26 U.S.C. § 7431; and

H. Award Plaintiffs such other and further relief as this Court deems necessary and proper. JURY DEMAND

137. Plaintiffs demand trial by jury on all claims and issues so triable.

DATED: wEDNsday, December 11th 2019

I hereby certify all of the above and foregoing to be 100% true and correct to the best of my knowledge and ability to accept responsibility for any factual errors contained herein dated signed and sworn in San Francisco California on this 11th day of December in the 2019th year of our Lord by Larry Richards

by _Larry Richards Wed Dec 11th 2019_

Larry Richards, Wednesday, December 11, 2019

EMERGENCY 24HOUR APPLICATION FORTEMPORARY RESTRAINING ORDER AND SHOW CAUSE HEARING IN CUD-18-662405 VS UDR CORP WITH FORMAL WRITTEN ADA REQUEST TO MODIFY UDR POLICY OF overcharging Larry Richards for his utilities and for other things, including modification of entry/exit doors and damaging $40000 WHEELCHAIR EQUIPMENT.